[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiff, Joseph P. Fasi, against the defendants, Joseph and Ellen Murphy-Mancini in four counts.
The first count alleges a course of conduct by the defendants over a period of years since 1986, of harassment of the plaintiff, a next door neighbor. The harassing conduct consisted of over 200 telephone calls, a series of obscene gestures by the defendant Joseph Murphy-Mancini directed at the plaintiff, the placing of dirt and fill on the plaintiff's property and the erection of a straw covered berm on the edge of the plaintiff's driveway which caused flooding and icy conditions on the driveway.
The third count alleges a trespass by the defendants' action in pushing dirt and fill onto the plaintiff's property.
The fourth count alleges a violation of General Statutes52-480 charging the defendants with a malicious erection of a structure by erecting the straw covered berm at the edge of the plaintiff's driveway.
Although the defendants have filed a special defense and counterclaim they did not press them at trial.
The plaintiff seeks some compensatory damages, punitive damages and injunctive relief.
From the more probative and credible evidence adduced at trial, this court concludes that the plaintiff has sustained his burden of proof on all four counts of the complaint against the defendant Joseph Murphy-Mancini. He has not, however, introduced CT Page 2127 any such evidence against the defendant Ellen Murphy-Mancini and thus the court must find in favor of this defendant on all four counts.
To briefly sum up the findings of fact, it is sufficient to say that the evidence presented by the plaintiff at trial clearly demonstrates that since 1986, in response to the plaintiff's complaints about the defendants' barking dogs, the defendant Joseph Murphy-Mancini embarked on a campaign of retribution against the plaintiff. This campaign consisted primarily of a flood of telephone calls at various odd hours to the plaintiff's home wherein the caller was either unidentified or hung up prior to completion of the call. Joseph Murphy-Mancini made several obscene gestures to the plaintiff and then proceeded to regrade his land, pushing a portion of the regraded material onto the plaintiff's land. He further erected a barrier at the edge of the plaintiff's driveway which so impeded the flow of water as to cause flooding in the driveway, and, an icy condition in cold weather.
The court therefore concludes that the plaintiff is entitled to judgment against the defendant Joseph Murphy-Mancini of compensatory damages on the third count of $1,000 which the court finds would approximate the cost of removing all encroaching dirt from the plaintiff's property onto the defendants' property (in as least a conspicuous manner as possible). Nominal compensatory damages of $1 are awarded on the other three counts.
The court further finds all of the actions under said four counts to have been intentional and malicious and therefore awards punitive damages as follows: attorneys fees $12,000, engineering fees $5,000 as the cost of litigation.[1]
In addition thereto, the court finds the defendant Joseph Murphy-Mancini's actions to have caused the plaintiff irreparable harm for which the defendant has no adequate remedy at law. The plaintiff is thus entitled to injunctive relief. Berin v. Olson, 183 Conn. 337, 341 (1981).
These orders are follows:
1. The defendant, JOSEPH MURPHY-MANCINI, is ordered not to place or cause to be placed harassing or any other telephone calls to the plaintiff, JOSEPH P. FASI or to his place of residence or employment. A "harassing telephone call" as used herein shall include, but shall not be limited to, any call in which the caller fails to identify himself or hangs up the receiver before the call is answered. CT Page 2128
To assist compliance, the defendant, JOSEPH MURPHY-MANCINI, is ordered to provide to the plaintiff and to the Windsor Police Department, on request, his home and business address and telephone numbers and those of the defendant, HELEN MURPHY-MANCINI, and to keep said information current until March 1, 1997. Upon request of any law enforcement officer or agency, the defendants will make available to such officer or agency any and all records, documents, or other evidence they may request concerning the defendants' telephone use.
2. The defendant, JOSEPH MURPHY-MANCINI, is further ordered to cease any direct acts of harassment or provocation against the plaintiff, JOSEPH P. FASI, including, but not limited to, obscene gestures.
3. The defendant, JOSEPH MURPHY-MANCINI is further ordered to remove the earthen berm/bale structure interferring with the flow of water off the plaintiff's driveway and not to create any similar obstruction and to return and maintain the area at the end of the plaintiff's driveway and onto the defendants' property to a condition which allows the free flow of water off of the plaintiff's driveway without ponding or collection.
4. Each violation of these Orders shall be considered a Contempt of Court and the Superior Court shall retain jurisdiction for enforcement.
Judgment may enter accordingly.
FREED, JUDGE